UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON HOOKER,<br><br>        Plaintiff,<br><br>  v.<br><br>D. ADAMS, et al.,<br><br>        Defendants. | CV F- 04- 6584 REC DLB P<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION TO DISMISS IN PART AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |

I.    Defendants' Motion to Dismiss

A.    Procedural History

Plaintiff Cameron Hooker ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants Adams and Woodford ("defendants") on plaintiff's claim that they violated his constitutional rights under the Fourteenth Amendment's Due Process Clause and that defendant Adams discriminated against him in violation of the Americans with Disabilities Act ("ADA"). Plaintiff is seeking both injunctive relief and money damages, and appears to be suing defendants in both their official and personal capacities.

On April 22, 2005, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants filed the present motion to dismiss on the grounds that plaintiff has failed to state a claim

upon which relief can be granted. Plaintiff filed an opposition on June 20, 2005 and also filed a morion for leave to file an amended complaint. Defendants filed an opposition to plaintiff's motion for leave to amend the complaint on November 17, 2005.[1]

B.     Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

---

[1] The Court will address plaintiff's motion for leave to amend by separate order.

opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>see</u> <u>also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

C.      <u>Discussion</u>

        1.      Due Process Claim

Plaintiff alleges that he is dyslexic, reads very slowly and has a 4th grade spelling level.  He states that on July 6, 1993, he purchased a typewriter with spelling and grammar check at Folsom State Prison.  He also states that between the year 2000 and 2001, he bought a color television. Plaintiff was transferred to Corcoran State Prison on November 19, 2003.  He states that both the typewriter and the television were confiscated and held, pursuant to established policy, pending arrival of his trust account money from Folsom State Prison to pay for the shipping of the property home.  Plaintiff states that he filed inmate grievances challenging the disposition of his property.  He alleges that on December 24, 2003, the property was mailed out of the institution at plaintiff's expense in violation of his due process rights.  Plaintiff states the property is now at the home of his father.

Defendants argue that these allegations fail to state a claim upon which relief can be granted because he was not deprived of his property.

An authorized, intentional deprivation of property is actionable under the Due Process Clause.  <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 532, n.13 (1984) (citing <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422 (1982)); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir. 1985).  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. at 436; <u>Piatt v. McDougall</u>, 773 F.2d 1032, 1036 (9th Cir. 1985); <u>see</u> <u>also</u> <u>Knudson v. City of Ellensburg</u>, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably

1 related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

2 "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of
3 hearing prior to the deprivation of a . . . property interest.'" Halverson v. Skagit County, 42 F.3d
4 1257, (9th Cir. 1995)(internal quotations and citations omitted). "However, when the action
5 complained of is legislative in nature, due process is satisfied when the legislative body performs its
6 responsibilities in the normal manner prescribed by law." Id. "[G]overnmental decisions which
7 affect large areas and are not directed at one or a few individuals do not give rise to the constitutional
8 due process requirements of individual notice and hearing; general notice as provided is sufficient."
9 Id.

10 As pointed out by defendants, where the inmate still retains ownership of the property, some
11 court shave found the requirements of due process satisfied as long as the prison authorities provide
12 the inmate with the opportunity to dictate where to send the property. *See Searcy v. Simmons*, 299
13 F.3d 1220, 1229 (10th Cir. 2002); *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). Defendants
14 argue that because plaintiff does not allege that defendants failed to provide adequate notice or that
15 he was not allowed to dictate where his property was sent, he fails to state a cognizable claim and
16 this claim must be dismissed.

17 The Court agrees that plaintiff has failed to allege whether he received adequate notice of the
18 restriction or whether he was given the opportunity to decide where the property would be sent.
19 However, these are not deficiencies that cannot be cured by amendment. Accordingly, the Court
20 recommends that defendants motion to dismiss this claim be granted but that plaintiff be granted
21 leave to amend the complaint to cure these deficiencies.

22     2.    ADA Claim

23 Defendants contend that to the extent plaintiff is claiming an action under the ADA against
24 defendant Adams, his claim fails because the ADA does not provide for individual liability.
25 Title II of the Americans with Disabilities Act provides that:

26     No qualified individual with a disability shall, by reason of such
       disability, be excluded from participation in or denied the benefits of
27     the services, programs, or activities of a public entity, or be subjected

28

to discrimination by any such entity.

42 U.S.C. § 12132. Because Title II of the ADA was modeled after § 504 of the Rehabilitation Act of 1973, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act." Zukle v. Regents of the University of California, 166 F.3d 1041, 1045, n. 11 (9th Cir. 1999). To establish a claim under the ADA and RA, plaintiff must demonstrate that (1) he is a person with a disability; (2) that he is otherwise qualified; and that the defendants' actions either (3) excluded his participation or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap. See Duffy v. Riveland, 98 F.3d 477, 455 (9th Cir. 1996).

The term "public entity" is defined under Title II as any state or local government or any department, agency, or other instrumentality of state or local government. 42 U.S.C. § 12131(1)(A), (B). Individuals are not proper defendants under Title II of the ADA. Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); Montez v. Romer, 32 F. Supp. 2d 1235, 1240-41 (D. Colo. 1999) (finding that individual liability does not exist under the ADA); see also Butler v. City of Prairie Village, 172 F.3d 736, 744 (10th Cir. 1999); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996); Gallo v. Bd. of Regents of the University of California, 916 F. Supp. 1005, 1009 (S.D. Cal. 1995). In the instant case, plaintiff sues the individual defendants in their official and individual capacities. Because plaintiff cannot maintain an action against individuals under Title II of the ADA, the ADA claims against defendants in their individual capacities must be dismissed.

D.  Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' Motion to Dismiss is GRANTED in PART as follows:

1.  Defendants' motion to dismiss plaintiff's due process claim be GRANTED and plaintiff be granted 20 days from the District Court's adoption of this recommendation to file an amended complaint curing the deficiencies identified in this order;

1      2.      Defendants' motion to dismiss plaintiff's ADA claim against defendants in their
2             individual capacities be GRANTED without leave to amend; and
3      3.      Should plaintiff fail to file an amended complaint within 20 days of the District
4             Court's adoption of this recommendation, this case proceed on plaintiff's ADA claim
5             against defendants in their official capacities only.

6         The Court HEREBY ORDERS that these Findings and Recommendations be submitted to
7  the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C.
8  § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court,
9  Eastern District of California. Within twenty (20) days after being served with a copy of these
10 Findings and Recommendations, any party may file written Objections with the Court and serve a
11 copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's
12 Findings and Recommendations." The Court will then review the Magistrate Judge's ruling
13 pursuant to 28 U.S.C. § 636 (b)(1)©. The parties are advised that failure to file Objections within
14 the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>,
15 951 F.2d 1153 (9th Cir. 1991).

16      IT IS SO ORDERED.

17    **Dated:   November 21, 2005**          **/s/ Dennis L. Beck**
    3b142a                                               UNITED STATES MAGISTRATE JUDGE