UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON HOOKER,              )<br>                                              )<br>           Plaintiff,                    )<br>                                              )<br>     v.                                      )<br>                                              )<br>D. ADAMS, et al.,                    )<br>                                              )<br>           Defendants.              )<br>_____) | CV F- 04- 6584 REC DLB P<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR CLARIFICATION AND DENYING  REQUEST FOR EXTENSION OF TIME AS UNNECESSARY<br>[DOCS 26, 27] |

Plaintiff Cameron Hooker ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding against defendants Adams and Woodford ("defendants") on plaintiff's claim that they violated his constitutional rights under the Fourteenth Amendment's Due Process Clause and that defendant Adams discriminated against him in violation of the Americans with Disabilities Act ("ADA").  On April 22, 2005, defendants filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.  On November 22, 2005, this Court issued a recommendation that defendants' motion to dismiss plaintiff's due process claim be granted and plaintiff be granted 20 days from the District Court's adoption of the recommendation to file an amended complaint curing the deficiencies identified in the order.  The Court also recommended that defendants' motion to dismiss plaintiff's ADA claim against defendants in their individual capacities be granted without

leave to amend. The District Court has not yet adopted the recommendation.

On December 14, 2005, plaintiff filed a motion for an extension of time to January 15, 2006 to file an amended complaint. Plaintiff is advised that he will have 20 days from the District Court's adoption of the recommendation in which to file an amended complaint and therefore an extension of time is not necessary.

Plaintiff also requests clarification regarding two (2) issues. First, plaintiff states that a new due process issue has arisen since the filing of his original complaint for which he has only recently exhausted his administrative remedies. Plaintiff requests clarification on whether he can add this new claim to his amended complaint. The Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201. The leave to amend granted in the Court's prior Order relates only to the claims alleged in the original complaint. If Plaintiff wishes to amend to add new and different claims he must seek leave of Court to amend. Plaintiff's motion to amend should be accompanied by a proposed amended complaint. Only claims which are related to the claims alleged in the original complaint and/or which are against the same defendants are appropriate in an amended complaint. It appears that the claims described in Plaintiff's request for clarification are neither related to the same facts nor alleged against any of the same defendants as in his original complaint and thus are more appropriately brought in a new complaint in a separate action.

Plaintiff also seeks clarification regarding amending his due process claim. In the original complaint, plaintiff alleged that his typewriter and television were confiscated and held, pursuant to established policy, pending arrival of his trust account money from Folsom State Prison to pay for the shipping of the property home. Plaintiff states that he filed inmate grievances challenging the disposition of his property. He alleges that on December 24, 2003, the property was mailed out of

1  the institution at plaintiff's expense in violation of his due process rights.  Plaintiff states the
2  property is now at the home of his father.
3       As stated in the Court recommendation, authorized deprivations of property are permissible if
4  carried out pursuant to a regulation that is reasonably related to a legitimate penological interest.
5  Turner v. Safley, 482 U.S. 78, 89 (1987).  Where the inmate still retains ownership of the property,
6  some court shave found the requirements of due process satisfied as long as the prison authorities
7  provide the inmate with the opportunity to dictate where to send the property.  *See* Searcy v.
8  Simmons, 299 F.3d 1220, 1229 (10th Cir. 2002); Williams v. Meese, 926 F.2d 994, 998 (10th Cir.
9  1991).   In its recommendation, the Court stated:

> The Court agrees that plaintiff has failed to allege whether he received adequate notice of the restriction or whether he was given the opportunity to decide where the property would be sent.  However, these are not deficiencies that cannot be cured by amendment.  Accordingly, the Court recommends that defendants motion to dismiss this claim be granted but that plaintiff be granted leave to amend the complaint to cure these deficiencies.

14       In order to state a cognizable claim for violation of due process based upon the confiscation
15  of his property, plaintiff must at a minimum, allege that he was not given notice of the policy nor
16  was he given the opportunity to decide where his property would be sent.  Plaintiff should also
17  remember, however, that the Court cannot second guess prison policy as it relates to the possession
18  of property and as long as the policy is reasonably related to a penological purpose, the policy must
19  be upheld.  Nonetheless, where the property is considered "contraband" and must be disposed of,
20  plaintiff may be  entitled to some opportunity to decide how it is disposed of.  If plaintiff was denied
21  such process, he may be able to state a cognizable claim for relief.
22       Based on the foregoing, plaintiff's motion for an extension of time to file an amended
23  complaint is DENIED as unnecessary and plaintiff's motion for clarification is GRANTED as
24  discussed herein.
25       IT IS SO ORDERED.
26  **Dated:   December 15, 2005**            **/s/ Dennis L. Beck**
    3b142a                                    UNITED STATES MAGISTRATE JUDGE