UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CAMERON HOOKER, | ) | CV F- 04- 6584 REC DLB P |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS RE |
| v. | ) ) | DEFENDANTS' MOTION TO DISMISS |
| D. ADAMS, et al., | ) ) | [Doc 35] |
| Defendants. | ) ) | |

I.     Defendants' Motion to Dismiss

A.     Procedural History

Plaintiff Cameron Hooker ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants Adams and Woodford ("defendants") on plaintiff's amended complaint filed February 27, 2006 alleging that defendants violated his constitutional rights under the Fourteenth Amendment's Due Process Clause and that defendant Adams discriminated against him in violation of the Americans with Disabilities Act ("ADA").[1] Plaintiff is seeking both injunctive relief and

---

[1] On February 13, 2006, the Court granted defendants' prior motion to dismiss and granted plaintiff leave to file an amended complaint.

money damages.

On March 17, 2006, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants filed the present motion to dismiss on the grounds that plaintiff has failed to state a claim upon which relief can be granted. Plaintiff filed an opposition on April 14, 2006.

B.   Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

C.   Discussion

   1.   Due Process Claim

In his first amended complaint, plaintiff alleges that he is dyslexic, reads very slowly and has a 4th grade spelling level. He states that on July 6, 1993, he purchased a typewriter with spelling and grammar check under the belief that he would be able to retain the typewriter. He also states that between the year 2000 and 2001, he bought a color television. Plaintiff was transferred from Folsom State Prison to the Substance Abuse Treatment Facility ("SATF") on November 19, 2003. Plaintiff states that upon arrival at SATF, he was told that the typewriter and the television were not allowed. Plaintiff states that he had no prior notice that the property would not be allowed because Warden Adams' customs and Operational Procedures were not available at Folsom State Prison. Plaintiff alleges he was given three (3) choices for the disposal of his property. Plaintiff chose option number one, which was to send the property home at his own expense. Because prison was the only home he had, he wrote down his address as CSATF A1-ZZ01U, the address that had been issued to him upon arrival at SATF. Plaintiff alleges this choice was denied. Plaintiff states that on November 21, 2003, he filed an inmate appeal regarding the property issue but on December 24, 2003, his property was mailed out of the institution at plaintiff's expense. The property is now at plaintiff's father's home. Plaintiff states that his father considers the property to be a "gift."

Defendants argue that these allegations fail to state a claim upon which relief can be granted because he was not deprived of his property.

An authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized

1  deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
2  Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.
3  1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized
4  deprivations of property are permissible if carried out pursuant to a regulation that is reasonably
5  related to a legitimate penological interest.  Turner v. Safley, 482 U.S. 78, 89 (1987).
6  "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of
7  hearing prior to the deprivation of a . . . property interest.'" Halverson v. Skagit County, 42 F.3d
8  1257, (9th Cir. 1995)(internal quotations and citations omitted).  "However, when the action
9  complained of is legislative in nature, due process is satisfied when the legislative body performs its
10 responsibilities in the normal manner prescribed by law." Id. "[G]overnmental decisions which
11 affect large areas and are not directed at one or a few individuals do not give rise to the constitutional
12 due process requirements of individual notice and hearing; general notice as provided is sufficient."
13 Id.
14 Where the inmate still retains ownership of the property, some courts have found the
15 requirements of due process satisfied as long as the prison authorities provide the inmate with the
16 opportunity to dictate where to send the property. *See Searcy v. Simmons*, 299 F.3d 1220, 1229 (10th
17 Cir. 2002); *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991).  Here, plaintiff admits that he was
18 given the opportunity to dictate where to send the property.  Instead of choosing one of the options
19 provided, plaintiff choose an option that he knew was unavailable - retaining the property at SATF.
20 Defendants' subsequent action in sending the property to plaintiff's father does not violate plaintiff's
21 due process rights.
22      2.    ADA Claim
23 Defendants contend that plaintiff has failed to state a claim under the ADA because he has
24 failed to claim that dyslexia is a disability within the meaning of the ADA; he fails to allege what
25 programs, services or benefits he was denied; he does not allege defendants discriminated against
26 him because of his disability; and he fails to allege that defendants refused to provide him access to
27 other forms of assistance to accommodate his disability.
28

E. D. California

4

Title II of the Americans with Disabilities Act provides that:

> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  Because Title II of the ADA was modeled after § 504 of the Rehabilitation Act of 1973, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act." Zukle v. Regents of the University of California, 166 F.3d 1041, 1045, n. 11 (9th Cir. 1999).  To establish a claim under the ADA and RA, plaintiff must demonstrate that (1) he is a person with a disability; (2) that he is otherwise qualified; and that the defendants' actions either (3) excluded his participation or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap.  See Duffy v. Riveland, 98 F.3d 477, 455 (9th Cir. 1996).  Title II of the ADA and the RA apply to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).  In order to state a claim, plaintiff must have been ". . . improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." Armstrong at 1023.  Education, vocational training, and medical attention can be seen as benefits to inmates.  Id. at 1024.

The Court finds the allegations in the first amended complaint sufficient, at the pleading stage, to state a claim for violation of the ADA.  Plaintiff alleges that he is dyslexic and has a very difficult time reading and spelling.  Plaintiff contends that while the prison allows typewriters that people with normal spelling and writing skills can use, the prison prohibits typewriters needed by dyslexic inmates, such as plaintiff.  As previously stated, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings

need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  At this stage in the proceedings and absent the presentation of any authority the compels the court to conclude otherwise, the court declines to find that the allegations are insufficient to state a claim under the ADA.

D. Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' Motion to Dismiss is GRANTED in PART as follows:

1. Defendants' motion to dismiss plaintiff's due process claim be GRANTED; and
2. Defendants' motion to dismiss plaintiff's ADA claim against defendants be DENIED; and
3. Should this Findings and Recommendations be adopted in full, defendants be ordered to file a response to plaintiff's amended complaint within thirty days from the date of the issuance of the district court's order.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)©.  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 19, 2007**          **/s/ Dennis L. Beck**
3b142a                                    UNITED STATES MAGISTRATE JUDGE