IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON HOOKER,<br><br>          Plaintiff,<br><br>     vs.<br><br>ADAMS, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. CV-F-04-6584 LJO DLB P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A COURT APPOINTED EXPERT<br><br>[Doc. 59] |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the amended complaint upon which this action proceeds on February 27, 2006.

On November 26, 2007, plaintiff filed a motion for the appointment of an expert. Plaintiff seeks a court appointed expert, pursuant to Rule 706 of the Federal Rules of Evidence. Specifically, plaintiff seeks an expert to evaluate and test him for the learning disability dyslexia, to file the results of the evaluation with the court and to testify at trial if necessary.

The district court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, which reads, in part, "The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "If scientific, technical, or other specialized knowledge will assist the trier of fact

to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702.

To the extent that plaintiff is seeking the appointment of an expert witness to assist him in the preparation of his action for trial, plaintiff's motion is denied on the grounds that an expert witness does not serve that purpose. The function of an expert witness is to testify at trial to assist the trier of fact in understanding the evidence.

To the extent that plaintiff is seeking the appointment of an expert witness to testify at the trial, should this action reach trial, the court declines to appoint an expert pursuant to Rule 706. This action involves allegations that defendants discriminated against plaintiff in violation of the Americans with Disabilities Act ("ADA"). Specifically, plaintiff alleges that he is dyslexic and has a very difficult time reading and spelling. Plaintiff contends that while the prison allows typewriters that people with normal spelling and writing skills can use, the prison prohibits typewriters needed by dyslexic inmates such as plaintiff thereby discriminating against plaintiff in violation of the ADA.

The court finds that the legal issues involved in this action are not particularly complex. See Walker at 1071) (finding that the district court's decision to appoint an independent expert to assist the court in evaluating contradictory evidence about an elusive disease of unknown origin was appropriate); see also Ledford v. Sullivan, 105 F.3d 354, 359 (7th Cir. 1997) (trier of fact's determination of deliberate indifference not so complicated that an expert was required to establish pro se inmate's case). The decision whether or not to admit expert testimony does not rest upon the existence or strength of the expert's opinion but rather whether the expert testimony will assist the trier of fact in drawing its own conclusion as to a fact in issue. United States v. Rahm, 993 F.2d 1405, 1412 (9th Cir. 1993). Here, the court finds that the issues are not so complex as to require the testimony of an expert witness to assist the trier of fact.

In addition, plaintiff is proceeding in forma pauperis and is, presumably, unable to compensate an expert witness. Pursuant to Rule 706, the court has discretion to apportion costs in the manner directed by the court, including the apportionment of costs to one side. Fed. R. Evid. 706(b). In

1 instances such as this, where the government would likely bear the cost, the court should exercise
2 caution. The court has a burgeoning docket of civil rights cases filed by prisoners proceeding pro se and
3 in forma pauperis. The facts of this case are no more extraordinary and the legal issues involved no
4 more complex than those found in the majority of the cases now pending before this court.
5      For the foregoing reasons, it is HEREBY ORDERED that plaintiff's motion for the appointment
6 of an expert witness by the court, filed November 26, 2007, is DENIED.

14     IT IS SO ORDERED.

15 **Dated:**   **November 30, 2007**           **/s/ Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE